```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
vs.                            )    NO. 2:06-CR-50
                               )
SUN CHA THOMPSON, et al.,      )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant Thompson's Due Process and Equal Protection Motions to Dismiss Mann Act Counts (Counts 9-12) of the Indictment, filed on June 30, 2006; and (2) Defendant Thompson's Request for Findings of Fact and Conclusions of Law After a ½ Day Evidentiary Hearing, filed on July 14, 2006.  For the reasons set forth below, these motions are **DENIED**.

BACKGROUND

Defendant, Sun Cha Thompson, has been indicted on numerous charges stemming from her alleged management and operation of a massage parlor that served as a front for illegal prostitution activity.  At issue here are Counts 9, 10, and 12 of the indictment, which charge her with inducing or enticing women to travel in interstate commerce to engage in prostitution, in violation of Title

18 U.S.C. section 2422(commonly referred to as the Mann Act). Defendant has filed the instant motion pursuant to Rule 12 of the Federal Rules of Criminal Procedure inviting this Court to find section 2422 unconstitutional on both due process and equal protection grounds.

DISCUSSION

Rule 12(b) of the Federal Rules of Criminal Procedure permits any defense or objection "that the court can determine without a trial of the general issue" to be raised by pretrial motion.  A pretrial motion is generally "capable of determination" before trial if it involves questions of law rather than fact.  *United States v. Yasak*, 884 F.2d 996, 1001 n.3 (7th Cir. 1989).

Due Process

Defendant's main premise is that the U.S. Supreme Court's holding in *Lawrence v. Texas*, 539 U.S. 558 (2003), necessarily renders laws prohibiting prostitution, such as section 2422, unconstitutional. Essentially, in the wake of *Lawrence*, Defendant argues, prostitution must be legalized.  Respectfully, this Court disagrees.

Before discussing the Court's opinion in Lawrence, a brief look back at its predecessor, *Bowers v. Hardwick*, 478 U.S. 186 (1986), is required.  In *Bowers*, the Supreme Court upheld the constitutionality of a Georgia law banning sodomy between consenting adults.  In 2004,

the Court granted certiorari in *Lawrence* to revisit its prior holding in *Bowers*.  *Lawrence*, 539 U.S. at 564 ("[W]e deem it necessary to reconsider the Court's holding in *Bowers*.").  In *Lawrence*, the Court overruled *Bowers* and held that a state cannot enact laws that criminalize homosexual sodomy.  One of the cornerstones of the *Lawrence* decision was that, although the statute at issue did no more than prohibit a particular sex act, it had far-reaching consequences, "touching upon the most private human conduct, sexual behavior, and in the most private of places, the home."  *Lawrence*, 539 U.S. at 567.[1]  Consequently, the Court found the Texas sodomy law violated the Due Process Clause of the Fourteenth Amendment.  *Id.* at 566 ("The statutes do seek to control a personal relationship that, whether or not entitled to recognition in the law, is within the liberty of persons to choose without being punished as criminals.").

Contrary to Defendant's belief, *Lawrence* held only that a state cannot enact laws that criminalize homosexual sodomy; it did not address the constitutionality of prostitution statutes.  Notably, in striking down the Texas sodomy law, the Court was concerned about protecting personal relations in the home.  The majority was not commenting on, or concerned with, governmental regulation of sexual acts in the commercial marketplace.  Surely, laws prohibiting the commercial acts of prostitution do not have the same far-reaching

---

[1] The dissent in *Lawrence* expressed fear such a holding would call laws based on moral choices, such as prostitution, into question; however, this was merely a dissent.

consequences as laws that regulate private sex acts of consenting adults in the home.  Moreover, *Lawrence* did not announce "a fundamental right protected by the constitution, for adults to engage in all manner of consensual sexual conduct." *See Muth v. Frank*, 412 F.3d 808 (7th Cir. 2005)(analyzing the holding and impact of Lawrence).  With this understanding in mind, it would be an untenable stretch to find that *Lawrence* necessarily renders (or even implies) laws prohibiting prostitution, including section 2422, unconstitutional.  Tellingly, Defendant fails to cite to any instance where a court invalidated any law prohibiting prostitution by relying upon *Lawrence* or its progeny.

Alternatively, Defendant goes to great lengths in an attempt to analogize the alleged prostitution activities at issue in this case to pornography and works that depict sexual conduct that are protected by the First Amendment.  Defendant's concern is "the current extremely absurd nature of applied prostitution law enforcement that protects the dominant European pornography [] industry under the 1st Amendment but leaves the dominant Asian Massage Parlor [] prostitution industry subject to Mann Act prosecutions."  (Def. Mem., pp. 1-2.)  Ultimately, Defendant proffers that cases involving prostitution under the Mann Act should be prosecuted only to the same extent that pornography cases are prosecuted using the obscenity test set forth in *Miller v. California*, 413 U.S. 15 (1973).

In *Miller*, the Supreme Court taught that in the area of freedom

of speech, courts must "remain sensitive to any infringement on genuinely serious literary, artistic, political, or scientific expression."  *Id*. at 23.  Despite these sensitivities, the Court reiterated the settled notion that obscene material is unprotected by the First Amendment.  *Id*.  To balance these competing interests, the Court noted that for a state to regulate works which depict or describe sexual conduct, that regulation must be limited to works which "appeal to the prurient interest in sex, which portray sexual conduct in a patently offense way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." *Id*. at 24.  A discussion of *Miller's* holdings, however, is purely informational, as there is no serious argument that Defendant can invoke the protections of the First Amendment.

While Defendant attempts to analogize works depicting sexual conduct and prostitution, Defendant fails to explain how her alleged actions in Counts 9, 10, and 12 are the kinds of expression that are protected by the First Amendment.  *See Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984) ("[I]t is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies.").  This failure is not surprising, though, as the Supreme Court has taught that acts of prostitution are not forms of protected expression.  *Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 705 (1986).  Therefore, Defendant's alleged actions bear no connection to any protected expressive

activity. Consequently, the protections of the First Amendment are not implicated. *Id*.

Equal Protection

Defendant argues that an equal protection claim exists based upon her own unsubstantiated notion that "[a]sian massage parlors should not be prosecuted when other non-Asian classes get a carte blanch free ride to promote their forms of prostitution unchecked." (Def. Reply pp. 3-4). Among other things, Defendant necessarily assumes that works which depict or describe sexual conduct, like those discussed in *Miller*, *supra*, are the same as prostitution. This notion was rejected above and is rejected in the current context.

Nevertheless, it is suffice to say that "[u]nless a [law] challenged as violating the equal protection clause involves a suspect classification or a fundamental right, the [law] must be upheld if it is rationally related to a legitimate state interest." *Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486, 490 (7th 1988). Here, there is no fundamental right at issue or suspect classification involved. *Id.*; *see also* 18 U.S.C. § 2422. Moreover, Defendant has failed to establish that "no legitimate public interest" is furthered by section 2422. *Oriental Health Spa*, 864 F.2d at 490 (noting that it is the party challenging the law that has the burden of demonstrating that no legitimate public interest is furthered by the classification). Nor does the Court reasonably believe Defendant

-6-

could do so.  *See Kurtrom Corp. v. City fo Center Line*, 979 F.2d 1171, 1174-75(6th Cir. 1992)(affirming district court's ruling that city ordinance regulating massage parlors furthered legitimate interest of city to make sure that massage parlors were not subterfuges for prostitution).  Thus, Defendant's equal protection claim must fail.

As Defendant's due process and equal protection arguments fail as a matter of law, no evidentiary hearing is required.  *See e.g. United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004)(noting that the purpose of an evidentiary hearing is to resolve material factual disputes and, as such, a hearing is not required in the absence of such disputes).

CONCLUSION

For the reasons set forth above, Defendant's motions are **DENIED**.

**DATED:   October 17, 2006**          /s/RUDY LOZANO, Judge
                                        **United States District Court**